UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 1:21CR706 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| BRANEA BRYANT, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court for a hearing following the arrest of Defendant Branea Bryant related to the violation of the terms of her bond.[1] In both the motion filed by the Government (Doc. 611) and the report submitted by pretrial services (Doc. 613), it was asserted that Bryant violated her bond condition that prohibited any contact with her co-defendants. Doc. 217 at 5.

On January 27, 2023, Bryant's counsel filed a response to the Government's motion. In the motion, Bryant appears to argue that she cannot be punished because she has not yet been convicted. Bryant also appears to contend that she has a right to confer with potential witnesses and the father of her children. However, none of Bryant's contentions refute the fact that she violated the terms of her bond.

On February 2, 2022, Bryant was included in a superseding indictment along with 23 other co-defendants. The indictment included Bryant's husband, Devonn Fair. Fair was arrested pursuant to a complaint on September 1, 2021 and has remained in custody since that time. In

---

[1] The matter was brought to the Court's attention through a sealed motion of the Government filed on January 24, 2023 and through a report of pretrial services received later that same day.

contrast, Bryant was arrested on February 9, 2022 and was released on bond on April 21, 2022. Bryant's bond prohibited her from having any contact with her co-defendants, and to date, she has never been granted relief from that prohibition.

As relevant to the instant issue, the Court received a U.S. Marshal incident report involving Fair on November 22, 2022. The incident report detailed as follows:

> Description: On 11/22/2022, at 1135 hours, UM Kennedy received information that Prisoner Fair, Devonn #62776509 was in a possession of a cell phone. UM Kennedy sent staff to search Prisoner Fair's cell and to conduct a reasonable suspicion strip search of prisoner Fair. Prisoner Fair refused to allow staff to conduct a strip search. Prisoner Fair was then taken to R&D to be placed in the Adani Body Scanner. After conducting the scan, it was discovered that Fair had a cell phone concealed on his person. Prisoner Fair removed the contraband from beneath his uniform clothing and forcibly threw it to the ground. Upon examination of the items, it was discovered Prisoner Fair was in possession of a Black TCL Smartphone, 1- black charging cord, and 1 charging block.

Doc. 544 at 3. Within its motion, the Government notes that agents took possession of the cell phone that Fair attempted to destroy and sent it out for extraction and analysis. A review of the phone indicated that its assigned number was 440-983-1627. A subsequent review of Bryant's phone records revealed extensive contact with this number.

The Government's provided an extraction log that indicated that Bryant had contact with Fair that included at least 78 calls that lasted longer than 25 seconds. Moreover, the Government was able to identify a total of 188 attempted contacts between Bryant and Fair using the contraband phone. The Government also correctly notes that on numerous occasions the contacts between Fair and Bryant occurred immediately before and after hearings conducted by this Court.

Based upon the evidence presented by the Government, there can be no doubt that Bryant violated the terms of her bond. It appears that Bryant is attempting to excuse these violations through some assertion that the Constitution permits her to contact potential witnesses and to

converse with her spouse. While it is *conceivable* that certain circumstances would warrant Bryant contacting Fair to assist in her defense or communicate regarding the parties' marriage, there is *no circumstance* that would allow Bryant to flagrantly violate her bond by communicating in secret with Fair while he was utilizing a contraband cell phone while in custody. As the Court had previously indicated in open Court, if Bryant could provide a legitimate basis for contacting Fair, the Court would make arrangements to facilitate such contact. Instead, Bryant and Fair sought to avoid the recording requirement of calls made from a correctional facility and, by all appearances, did not involve their counsel in any of their communications. As such, any assertion that Bryant's rights were violated is directly undermined by her own actions.

The above firmly demonstrates that Bryant violated the terms and conditions of her bond. During the hearing, however, counsel for Bryant suggested that more was required to prove the bond violation. In that regard, counsel asserted that the Government was required to prove the violation and that Bryant was entitled to confront the witnesses against her. However, as detailed above, the Government provided substantial documentary evidence that proved Bryant violated the terms of her bond. Moreover, contrary to counsel's assertions, the Confrontation Clause is inapplicable to bond revocation hearings. *See United States v. Kirby*, 418 F.3d 621, 627 (6th Cir. 2005) (noting in the supervised release context that "revocation hearings are not criminal prosecutions and therefore the defendant was not entitled to the 'full panoply of rights due a defendant" in criminal proceedings."); *see also United States v. King*, 2008 WL 11429360 (N.D.W.Va. 2008)(noting that *Kirby*'s holding is applicable in the bond revocation setting).

As a result, no Confrontation violation occurred when the Court relied upon documentary evidence and did not require live testimony. Similarly, Bryant has not been deprived of due process. She was afforded a full detention hearing and fully informed of the terms of her bond.

Following allegations that she had violated her bond, she was given the opportunity to refute the evidence offered by the Government. She declined to offer any evidence that would undermine the evidence offered by the Government. Accordingly, her bond is properly revoked and she will remain in custody pending completion of her trial.

    IT IS SO ORDERED.

| | |
|---|---|
|     February 9, 2023 | /s/ *John R. Adams* |
| Date | Judge John R. Adams |
| | United States District Court |