ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                    Plaintiff, )<br>                                         )<br>       v. )<br>                                         )<br>BRANEA BRYANT, )<br>                                       )<br>                                Defendant. ) | CASE NO.   1:21CR706<br><br>Judge John R. Adams<br><br>ORDER |

On March 8, 2023, counsel for Defendant Branea Bryant made an oral motion for a mistrial, and the Court denied that motion the same day. This order serves to supplement the Court's oral order.

Bryant's motion contained several arguments which the Court will address in turn. First, Bryant asserted that the Court erred when it allowed testimony that included the statements of alleged co-conspirators. Specifically, Bryant asserted that the Court had prematurely permitted the introduction of those statements in violation of the requirements set forth in *Bourjaily v. United States*, 483 U.S. 171 (1987). The Court finds no merit in this argument.

Initially, the Court notes that Bryant is correct that the Court must engage in some preliminary fact finding because the Government must prove the existence of a conspiracy and Bryant's involvement in it by a preponderance of the evidence. *Id.* at 172. However, contrary to counsel's contentions, the statements of co-conspirators themselves may properly form the basis for this factfinding. *Id.* More importantly, Special Agent Platt provided substantial evidence regarding the existence of a conspiracy prior to the jury hearing any statements of co-conspirators.

Platt explained the 78 wiretaps that were utilized as part of the investigation that resulted in the interception of over 11,000 calls. He informed the jury of the cell phone numbers that the investigation revealed to belong to certain members of the conspiracy, identified the houses from which drug sales were made, and detailed the vehicles that were used in connection with drug transactions. Platt also provided extensive testimony on Government exhibit 666 which provided an overview of all of the known members of the conspiracy and their role in the drug trafficking organization. Platt also explained that the investigation used a combination of the wiretaps and surveillance to identify not only the members of the conspiracy, but also drug buyers. Platt provided *all* of the above information prior to the jury hearing any of the wiretap recordings. Accordingly, Bryant's contention that the Government's introduction of the statements of co-conspirators was premature is refuted by the record. The Government provided ample testimony from Platt to demonstrate by a preponderance of the evidence that a conspiracy existed and that the Defendants on trial were members of that conspiracy.[1] As such, there was no legal error related to the timing of the introduction of statements of the co-conspirators.

Bryant next asserted that Platt lacked the expertise to authenticate the voices on numerous phone calls. However, Platt never offered any testimony that he identified speakers through their voices. In fact, he explained the methods used to identify the persons that appeared on the wiretaps:

> Several different ways, usually by the telephone number that the individuals were calling in on or Brandon Bryant's calling when we tracked that number, we do

---

[1] The Court also notes that the calls themselves served to solidify the information provided by Platt. Time and again, the calls demonstrated the existence of a wide-ranging conspiracy, and certain calls demonstrated that Bryant and Drew were members of the conspiracy.

2

> extensive database searches and usually that number is tied to an individual that, in many databases and/or in a lot of these occasions, when actually these deals were being done and we know they were meeting, we actually had physical surveillance out there and we would see the vehicles of the people involved in the transaction, and we would run their license plates and compare their BMV photos to the people we saw in the car. There is several different ways, but those are the most common.

In other words, Platt asserted that his conclusions regarding the identity of speakers were based upon numerous investigative techniques, none of which include voice recognition. These conclusions and the methods used to reach them were subsequently the subject of cross-examination by counsel for both Defendants. Based upon the above, there is no basis to assert that Platt relied upon voice recognition to offer his testimony.

While not raised directly during Bryant's arguments for a mistrial, there were numerous objections raised to Platt offered his opinion on the meaning of certain alleged coded language in the wiretaps. The Government laid a proper foundation for Platt's expertise in this area including highlighting his 27 years as an FBI agent including 78 drug investigations that involved the use of wiretaps. Moreover, as the Court noted in trial, counsel was free to cross examine Platt on his interpretation of the calls and make argument to the jury on that issue. As such, Platt's opinion testimony on the meaning of the calls does not give rise to error.

Similarly, to the extent that an argument was raised regarding the Government's decision to allow Platt to testify in only segment, the Court finds no error. Mindful of the fact that Platt may provide testimony on facts that had not yet been introduced to the jury, the Court gave a limiting instruction. In that instruction, the Court noted that the jury may hear opinions on facts not yet in evidence, and reminded them that ultimately they would determine whether the Government had proven those underlying facts. Accordingly, there was no prejudicial impact

3

from allowing Platt's testimony to be introduced in one segment. Moreover, the jury was properly instructed on the distinction between opinion and fact testimony and informed that they could disregard any opinion testimony that they did not find reliable. As such, the fact that Platt offered both fact and opinion testimony all in one segment of his testimony cannot be said to have been an error.

Based upon the above, Defendants have failed to identify any prejudicial error that warranted a mistrial in this matter. The Court, therefore, properly denied their oral motion for a mistrial.

IS SO ORDERED.

March 29. 2023  /s/John R. Adams
Date  JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

4