UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR706 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| BRANEA BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Branea Bryant's motion for acquittal and in the alternative for a new trial. Doc. 789. The motion is DENIED.

**I.      Factual Background**

On February 2, 2022, a grand jury issued a superseding indictment that charged Bryant with conspiracy to distribute and possess with intent to distribute controlled substances, use of a communication facility in furtherance of a drug trafficking crime, conspiracy to launder monetary instruments, and money laundering. Bryant pled not guilty to the superseding indictment and the matter proceeded to trial on March 6, 2023. On March 17, 2023, the jury found Bryant guilty of the counts alleged against her in the superseding indictment.

On May 15, 2023, Bryant filed her motion for acquittal and/or a new trial. On May 25,

2023, the Government filed its response in opposition, and Bryant replied in support of her motion on June 5, 2023. The Court now resolves the motion.

## II. Legal Standard

Bryant has moved for acquittal under Rule 29 and conditionally a new trial under both Rule 29 and Rule 33. In this context, the two rules are similar, but "are governed by different standards of review." *United States v. Dimora*, 879 F. Supp. 2d 718, 724 (N.D. Ohio 2012).

A. Rule 29

A Rule 29(c) motion for judgment of acquittal is a challenge to the sufficiency of the evidence, raised following a jury verdict or discharge. When reviewing a sufficiency of the evidence claim, a court must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "A defendant claiming insufficiency of the evidence bears a heavy burden." *United States v. Johnson*, 71 F.3d 539, 542 (6th Cir. 1995). This Court must draw all inferences from the evidence in favor of the prosecution. *United States v. Sherlin*, 67 F.3d 1208, 1214 (6th Cir. 1995).

When evaluating a motion under Rule 29(c), this Court can neither independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. *See United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996). After a review of the evidence, a court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not "'remove every reasonable hypothesis except that of guilt.'" *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996) (quoting *United States v. Clark*, 928 F.2d 733, 736 (6th Cir.1991)). In making this evaluation, the sufficiency of the evidence must be viewed in terms of the entirety of

the record. *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984). Circumstantial evidence standing alone may sustain a conviction so long as the totality of the evidence is substantial enough to establish guilt beyond a reasonable doubt. *Id.*

    B. Rule 33

Rule 33 provides that "[u]pon the defendant's motion, [a district] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). The rule "does not define 'interest[ ] of justice' and the courts have had little success in trying to generalize its meaning." *United States v. Kuntar*, 881 F.2d 466, 470 (7th Cir. 1989). However, "it is widely agreed that Rule 33's "interest of justice" standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). However, a motion for a new trial under Rule 33(a) should only be granted "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Id.* In considering a Rule 33(a) challenge to a conviction based on the weight of the evidence, a court can "consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that ... [the judge] sits as a thirteenth juror." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).[1]

**III. Analysis**

    1. Source 1's Identity

Bryant's motion begins by returning to an argument that the Court has rejected on

---

[1] As Sears' arguments fail under either standard, the Court reviews them under the more favorable-to-Sears manifest weight standard.

numerous occasions before her trial. Specifically, Bryant contends that some form of error occurred when the Government was not ordered to disclose the identity of Source 1. While holding the final decision on disclosure in abeyance, the Court noted in its November 8, 2022 order as follows:

> To date, there has been no showing of any benefit to revealing the identity of Source 1. However, the Court will allow argument from the Defendants during the trial once the Government has presented witness testimony. Defendants, however, are cautioned that no questions shall be asked regarding the identity of Source 1 until after a ruling by the Court. Accordingly, any counsel seeking to pursue such a line of questioning shall alert the Court so that the matter may be decided outside the presence of the jury.

Doc. 486 at 3.

Following an extensive trial, Bryant still has not provided *any* argument as to the relevance of identifying Source 1. Instead, Bryant appears to believe that she knows the identify of Source 1 and spends much of her argument asserting that the Government should have known that Source 1 was an unreliable drug addict who was related to her. Bryant then contends that because of these facts, the Government, in particular the FBI, failed to follow its own vetting process for confidential sources. While Bryant spills considerable ink railing against the FBI's use of informants, she fails to even hint at how the identity of Source 1 could have conceivably aided in her defense. As the Government noted early on its pretrial motion in limine, none of the conduct charged in the superseding indictment was tied to any of the activities of Source 1. As such, introducing any aspect of Source 1's conduct or background would have only served to confuse the jury.

In addition, as the Court noted during trial, there were considerable safety concerns that justified keeping Source 1's identity confidential. Even during pretrial detention, co-defendant Devonn Fair was repeatedly found to violate institutional rules, including the improper possession

of a cell phone. Given the nature of the conspiracy at issue and the lengths that Fair went to maintain contact with those outside of custody, the Government properly detailed safety concerns for Source 1. As Bryant has failed to identify any value in knowing Source 1's identity *and* there was a proper foundation laid to demonstrate legitimate concerns for the source's identity, Bryant has identified no error in the Court's determination that disclosure was not required.

2. Agent Platt's Testimony

Bryant contends at length that the Court erred when it allowed Agent Platt to testify and identify the speakers on certain wiretaps. More specifically, Bryant contends that Agent Platt had no particular expertise that would allow him to offer opinions on voice recognition. Having reviewed the arguments, the Court finds no merit in those contentions. The Sixth Circuit has summarized the law surrounding voice identification as follows:

> The standard of admissibility for an "opinion identifying a person's voice" is a low one. Fed. R. Evid. 901(b)(5). If the identifying witness has "heard the voice of the alleged speaker at any time," his testimony is admissible. *United States v. Cooke,* 795 F.2d 527, 530 (6th Cir. 1986) (emphasis added) (quotation omitted); *see also United States v. Hogan,* 402 F. App'x 54, 59 (6th Cir. 2010) (noting voice-identification testimony was admissible even if the witness acquired familiarity with the voice *after* the time of recording). What's more, a witness's familiarity with a voice need not come from "face-to-face conversation." *P1yor,* 842 F.3d at 452. "Nor must the witness be qualified as an expert." *Id.* (citation omitted).

*United States v. Gardner,* 32 F.4th 504, 521 (6th Cir. 2022). The above summary disposes of nearly all of Bryant's claims. For example, Bryant complains that Agent Platt only heard her voice *after* her arrest. However, *Hogan* expressly allows for identification based upon hearing a voice subsequent to the time of the recording.

Moreover, the Government did not simply rely upon the fact that Agent Platt had heard Bryant's voice. The Government also presented substantial evidence that linked

Bryant to the phone number identified on the wiretap. For example, Sergeant Ryan Myers testified that he found a tenant ledger related to payments for an apartment in Euclid. The ledger listed 216-209-1414 as a number for Branea Bryant. Doc. 687 at 21. Myers called the number, asked to speak to Bryant, and was told, "This is her." Id. at 22-23. Bryant used this same phone number on her application for unemployment benefits. Doc. 695 al 134. In addition, the Government properly argued that the content of the calls suggested that the woman speaking was Bryant. In that regard, the Government presented a call that it contended involved Brandon Bryant and Branea Bryant in which Branea told Brandon to take his green Infinity to "mommy's car lot." The Government presented additional testimony that Branea and Brandon Bryant's mother owned a business named Big Deal Auto Sales. As such, the Government was permitted to argue that the content of the above call suggested the call was between Branea and Brandon Bryant.

Finally, Bryant goes on to appear to argue that the fact that Agent Platt was qualified as an expert on drug trafficking and the coded language often used by those in the drug trade that his voice identification was somehow transformed into an expert opinion. However, there is no basis in the record for such an assertion. Agent Platt was properly qualified as an expert on a particular subject matter. The Government made no suggestion that this expertise carried over into any other subject matter. Moreover, there is nothing in the substance of the Government's questions regarding Bryant's voice that would suggest that Agent Platt was offering an expert testimony. As the above demonstrates that Agent Platt had the proper background to offer a lay opinion, Bryant has demonstrated no error in the Court's determination to allow the testimony.

## IV. Conclusion

Based upon the above, Bryant has demonstrated no error in the admission of the evidence challenged above. Her motion, therefore, is DENIED

IT IS SO ORDERED.


August 8, 2023  /s/ John R. Adams
Dated  JUDGE JOHN R. ADAMS
United States District Judge